1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRYAN DAMON PATTERSON,              No. 2:18-cv-0222 TLN CKD P

12                   Plaintiff,

13        v.                             ORDER

14   M. SPEARMAN, et al.,

15                   Defendants.

16   _____

17        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19   636(b)(1).

20        Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a

21   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

                                    1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has conducted the required screening and finds that plaintiff's complaint states a claim against defendant Vang upon which relief could be granted. The claim arises under the Eighth Amendment and concerns Vang's placing plaintiff into a cell without properly decontaminating plaintiff and his clothing after plaintiff had been pepper-sprayed. In all other respects, plaintiff's complaint fails to state claims upon which relief can be granted.[1]

At this point, plaintiff has two options: 1) he may either proceed only on the claim identified above; or 2) attempt to cure the deficiencies with respect to other claims in an amended complaint which does not exceed 20 pages.

If plaintiff chooses to amend, plaintiff is informed as follows:

1. Pursuant to Federal Rule of Civil Procedure 20(a)(2), plaintiff may join in one action as many claims as he has against one defendant. Other defendants can be joined to claims, but claims which are only against other defendants generally must be brought in a separate action.

2. In order to state a claim for damages, plaintiff must allege facts indicating a causal connection between the actions of a defendant and the injury sustained by plaintiff. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

---

[1] Plaintiff alleges Officers Lofton and Rodriguez also participated in placing plaintiff in a cell without properly decontaminating plaintiff and his clothing first. However, neither Lofton nor Rodriguez are identified as defendants in plaintiff's complaint.

3.  In order to state a cognizable claim for violation of due process during things such as custody classification level hearings, plaintiff must allege facts which suggest that he was deprived of a protected liberty interest.  Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Connor, 515 U.S. 472, 484 (1995).

4.  Excessive force used by prison officials against inmates can amount to cruel and unusual punishment in violation of the Eighth Amendment.  The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 5 (1992).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make an amended pleading complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Within twenty-one days plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on plaintiff's claim arising under the Eighth Amendment against defendant Vang concerning Vang having placed plaintiff into a cell without properly decontaminating plaintiff and his clothing after plaintiff had been pepper-sprayed, or whether he

/////

wishes to file a first amended complaint.  Failure to complete and return the attached form will result in a recommendation that this action be dismissed.

Dated:  July 10, 2018.

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
patt0222.1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN DAMON PATTERSON,

        Plaintiff,

     v.

M. SPEARMAN,

        Defendants.

No. 2:18-cv-222 TLN CKD P

PLAINTIFF'S NOTICE OF

HOW TO PROCEED

    Check one:

_____ Plaintiff wants to proceed immediately on plaintiff's claim arising under the Eighth Amendment against defendant Vang concerning Vang having placed plaintiff into a cell without properly decontaminating plaintiff and his clothing after plaintiff had been pepper-sprayed.

_____ Plaintiff wants time to file a first amended complaint.

DATED:

                                    _____
                                      Plaintiff